# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES GUSTAVE MALOTT,**

      **Plaintiff,**

      **v.**                              **Case No. 26-CV-848**

**ROSEN'S DIVERSIFIED, INC.,**

      **Defendant.**

## ORDER

James Gustave Malott is back before the court with his fifth lawsuit in a year. *See Malott v. Am. Foods Grp. LLC*, No. 25-CV-819-SCD, 2025 LX 435774 (E.D. Wis. Sep. 23, 2025); *Malott v. Am. Foods Grp.*, No. 25-CV-1651-JPS, 2025 LX 573827 (E.D. Wis. Nov. 13, 2025); *Malott v. Doe*, No. 25-CV-1181-JPS, 2025 LX 534149 (E.D. Wis. Nov. 13, 2025); *Malott v. Rosen's Diversified Inc.*, No. 25-CV-1965, 2025 LX 574314 (E.D. Wis. Dec. 18, 2025). In each, he alleges that the defendant is targeting him "radio frequency." All were dismissed for lack of subject matter jurisdiction.

This time Malott has paid the filing fee. However, notwithstanding the payment of any filing fee, the court must act to dismiss any action that is clearly without merit. See *Marshall v. Elgin Police Dep't*, No. 22-3159, 2023 U.S. App. LEXIS 15447, at *3 (7th Cir. June 21, 2023) (citing 28 U.S.C. § 1915(e); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014)).

Malott has also named a new defendant, Rosen's Diversified, Inc. Although Malott provides few details as to this new entity, from what the court can glean on its own, it appears to be a Minnesota corporation, based in Minnesota, that is affiliated with American Foods Group, LLC, *see* https://www. rosensdiversifiedinc.com, which was a defendant in Malott's prior actions.

In naming Rosen's Diversified as the defendant, there appears to exist complete diversity between the plaintiff and the defendant. *See* 28 U.S.C. § 1332. As a result, the obvious lack of subject matter jurisdiction that required dismissal of all of Malott's prior actions does not exist here.

But there are other problems with Malott's complaint. Malott does not describe the role Rosen's Diversified allegedly played in the relevant events. The filing of a criminal complaint is not relief a court can order in a civil lawsuit. (*Cf.* ECF No. 1-1 at 1 ("I am filing this lawsuit in effort to file a criminal complaint.") But most significantly, a federal court is obligated to dismiss as factually frivolous any complaint that is based on "fanciful," "fantastic" or "delusional" allegations. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989); *see also Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citing *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002)) ("A claim is factually frivolous if its allegations are bizarre, irrational or incredible.").

Malott alleges "Radio Frequency [is] being directed at my body and causing physical pain." (ECF No. 1-1 at 1.) When he was working for American Foods Group, "a supervisor told me I need to subpoena the IP that the DigiCert signing certificate

that appears on my phone is connected to. She told me the IP is you (as in myself) and do not plug it in to look at IP the IP is you." (ECF No. 1-1 at 1.) He states that a "DigiCert signing certificate appears on any phone I've owned. I'm assuming it has even gone to the extent of coding the Wisconsin Dept of Justices website for purpose of misinformation on a library computer." (ECF No. 1-1 at 1.) He then recounts a variety of instances that he attributes to having been targeted by radio frequency. (ECF No. 1-1 at 2-10.)

Malott alleges that years ago he suffered a seizure that was "absolutely due to Radio Frequency." (ECF No. 1-1 at 2.) On January 10, 2021, he alleges that "a cellphone tower or something must have been turned off for maybe 30 minutes" (ECF No. 1-1 at 2.) This made his sense of sight "incredible" so that he could see the black of his eyelids when he closed his eyes. (ECF No. 1-1 at 5.) His sense of smell was also "great" such that he could smell his "nephew for the first time from his clothes." (ECF No. 1-1 at 5.) Parts of his body became bigger. (ECF No. 1-1 at 5.) He could feel his hair grow; his posture was better; he felt stronger; he could flex his muscles; the shape of his face was different. (ECF No. 1-1 at 5-6.) He continues, "I went to the bathroom made a 2-3lbs bowel movement that was grey and I am assuming was mostly probiotics (possibly because I could flex my core or basic functions of my brainstem were not being affected or disrupted by Radio Frequency)." (ECF No. 1-1 at 6.)

He says that "Radio Frequency" "has caused me to walk out on my step mother and father when being asked to call the police after driving to their home with intentions to call the police …." (ECF No. 1-1 at 4.) It also "caused me to pass out

while pursing my lips and putting my thumbs on my pants after I was going to tell a girl 'I do have plans tonight and I think I'm a little too old for you.'" (ECF No. 1-1 at 4.) He states that he calls the police about once a week for issues related to this "Radio Frequency" and been to the emergency room six times. (ECF No. 1-1 at 4.)

The last few pages of the supplement to his complaint relate to events that appear to have occurred in 2019 when he was working for American Foods Group. He alleges that he had the worst headache he had ever experienced, and his face was puffy or bloated, which he attributed to "being hit by EMFs and … getting zapped in the face." (ECF No. 1-1 at 8.) He went to speak with the general manager and human resources and someone from human resources told him to do various things with his phone, e.g., not to plug it into a computer, how to view a DigiCert certificate, and told him to download his "Wi-Fi profile" from his ISP. (ECF No. 1-1 at 8.)

Malott also appears to refer to having talked to a lawyer associated with American Foods Group, and Malott understood the lawyer to have said that she would turn off the "Radio Frequency" but could not do so then because she was "the only one here today." (ECF No. 1-1 at 9.) This led to talk about subpoenas and injunctions, but the details are unclear.

The court does not doubt Malott's sincerity. He is experiencing distress which he attributes to radio frequencies. However, the court finds itself obligated to safeguard judicial resources and protect the judicial process and dismiss this action. Malott's allegations that a beef processor, for whom he was previously employed, is targeting him with injurious radio frequencies is factually frivolous. *See, e.g.*,

*McGinnis v. Freudenthal*, 426 F. App'x 625, 628 (10th Cir. 2011) (dismissing claims regarding "electromagnetic torture"); *Tedder v. Lafayette Police Dep't*, No. 4:21-CV-51-TLS-JPK, 2021 U.S. Dist. LEXIS 173147, at \*3 (N.D. Ind. Sep. 10, 2021) (dismissing complaint where plaintiff alleged, in part, that he was subject to "electromagnetic pulses, and AM radio microwave frequencies"); *Hecker v. CIA*, No. 21-CV-2701, 2022 U.S. Dist. LEXIS 11079, at \*12 (E.D. Pa. Jan. 20, 2022) (dismissing claims that government agencies subjected the plaintiff to "energy weapons, microwave radiation, satellite technology, and the like"); *Leon v. United States DOD*, No. 22-C-265, 2022 U.S. Dist. LEXIS 83530, at \*3-4 (E.D. Wis. Mar. 28, 2022) (dismissing action alleging that defendants used Bluetooth and "EMP-Ghost technology" to connect with his brain); *Weeks v. Pasco Cty. Sheriff's Office*, No. 8:23-cv-2011-WFJ-AAS, 2023 U.S. Dist. LEXIS 159484, at \*1 (M.D. Fla. Sep. 8, 2023) (dismissing action alleging, in part, that plaintiff was "overexposed to ionizing radiation" by defendant); *Clark v. Ball*, No. 3:25CV-P482-JHM, 2025 U.S. Dist. LEXIS 234657, at \*5 (W.D. Ky. Dec. 2, 2025) (dismissing action related to allegations defendants, in part, subjected plaintiff to "radiowaves electromagnetic, and or electrostatic waves"); *see also Terry v. United States*, No. ED CV 14-1881-VBF(E), 2014 U.S. Dist. LEXIS 145530, at \*2 (C.D. Cal. Sep. 16, 2014) (discussing cases).

Accordingly, the court finds that it must dismiss Malott's complaint. Although courts routinely give litigants an opportunity to amend a complaint, it is clear that the defects in Malott's complaint are not remediable through repleading.

5

In sum, while this court does not dispute that Malott is suffering distress that he attributes to radio frequencies, his allegations do not give rise to a legal claim. Consequently, a court is unable to offer him any relief or remedy.

**IT IS THEREFORE ORDERED** that the plaintiff's complaint and this action are **dismissed with prejudice**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a hearing (ECF No. 3) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motions to have the U.S. Marshals serve the complaint (ECF Nos. 4, 5) are **dismissed as moot**.

Dated at Green Bay, Wisconsin this 20th day of May, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge